UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FREDDRICK HOWELL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:14-cv-00108-NT |
| | ) | |
| STATE OF MAINE, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A

Plaintiff Freddrick Howell, an inmate at the Lieber Correctional Institution in Ridgeville, South Carolina, seeks to remove a post-conviction review and a civil action, which matters he alleges are pending in state court in New Jersey. His complaint is subject to screening pursuant to 28 U.S.C. § 1915A. The recommendation is that the Court deny Plaintiff's request for removal, and dismiss the action.

### I.     THE COMPLAINT

Plaintiff asserts that there are numerous plaintiffs in the New Jersey action, and that the defendants include the State of New Jersey, the State of Maine, and the Maine Attorney General. He seeks removal because "the legal issue being presented directly [affects] the State of Maine and all 50 states." Plaintiff does not allege that he was sentenced in Maine or that he is currently confined in Maine. Rather, the only alleged connections to Maine are the named Maine defendants and the assertion that the case "directly affects inmates and respondents in the State of Maine." He seeks a declaratory judgment and requests an extension of time to file additional documents and "place this case in proper form."

1

## II. DISCUSSION

### A. The Court's Screening Duty

The District Court is obligated to review at the earliest opportunity any civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In its review, the Court is to "identify cognizable claims or dismiss the complaint, or any portion of the complaint," to the extent that it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

### B. Analysis of Plaintiff's Complaint

In the complaint filed in this Court, Plaintiff seeks to remove a case from state court in New Jersey to federal court in Maine. His complaint, therefore, is governed by the removal statute, 28 U.S.C. § 1441. Section 1441(a) states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Significantly, section 1441 does not permit removal by a plaintiff. *See United States v. Fairway Capital Corp.*, 483 F.3d 34, 44 (1st Cir. 2007) (noting the policy expressed in 28 U.S.C. § 1441 "that only a defendant be able to remove a lawsuit from state court to federal court") (citing *Villa Marina Yacht Sales, Inc., v. Hatteras Yachts*, 915 F.2d 7, 14 (1st Cir. 1990)). Furthermore, section 1441 does not permit removal to a district or division other than the one that embraces the place where the action is pending in state court. According to Plaintiff, he seeks to remove a case that is pending in state court in New Jersey. Section 1441 does not permit the removal of a case that is pending in state court in another state to federal court in the District of Maine. Plaintiff, therefore, requests relief that this Court is not authorized to grant.

**C. Motion for Extension of Time**

Plaintiff requests an extension of time to file additional documents and apparently requests leave to amend the complaint. For the reasons stated above, removal of the alleged action to this Court is not permitted under 28 U.S.C. § 1441. Because removal is not permitted, Plaintiff's request for time to file additional documents and other relief is not properly before the Court. The recommendation, therefore, is that the motion for an extension of time and Plaintiff's request for any further relief be dismissed as moot.

### III. CONCLUSION

For the reasons set forth above, the recommendation is that the Court deny Plaintiff's request for removal, and that the Court dismiss Plaintiff's complaint to remove the alleged New Jersey state court litigation to this Court. The recommendation is also that the Court dismiss as moot Plaintiff's motion for an extension of time and Plaintiff's request for any other relief.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 27, 2014                         /s/ John C. Nivison
                                       U.S. Magistrate Judge